CHRISTEN, Circuit Judge,
joined by BERZON, Circuit Judge, concurring in part and dissenting in part:
I agree with the majority and the dissent that petitioner did not meet his burden of establishing a meritorious guilt-phase claim. As for petitioner’s sentencing-phase claim, I fully join the dissent’s Part IIA analysis and conclude that Mann is entitled to de novo review on his claim of ineffective assistance of counsel. The dissent meticulously traces the post-conviction court’s treatment of Mann’s mitigating evidence and conclusively establishes that the court did indeed apply the rule from State v. Hoskins, 199 Ariz. 127, 14 P.3d 997 (2000) (en banc), a decision published by the Arizona Supreme Court less than a year before the court decided Mann’s post-conviction petition. Though this was exactly the course urged by the prosecution, it doomed the post-conviction court’s Strickland analysis because it unequivocally incorporated Eddings error. As the dissent makes plain, no speculation is required to conclude that the state court improperly weighed Mann’s mitigating evidence; the court said so. The dissent’s Part IIIA discussion of Strickland’s deficient performance prong is also compelling and I join it. But I ultimately conclude, as the majority does, that petitioner is not entitled to relief. In the end, I am not persuaded that petitioner met his burden of establishing that the errors he complains of prejudiced the outcome of his sentencing.